ceased to be a highway, and became in law actually closed. The rights of the parties, therefore, became fixed at this time, and the mere fact that the abutting owner failed to occupy the property which had reverted to him in no way changed the rights which had thus accrued.

It is, however, claimed upon the part of the appellant that because in the deed of the lots by the abutting owner to the defendant there was inserted the clause, "and also all the piece now called the ' Bloomingdale Road,' adjoining the above-granted premises to the center line of said road, subject to the uses thereof by the public until closed by public authority," some rights were reserved by the plaintiff because of a supposed recognition of the existence of the Bloomingdale road as a public thoroughfare. This position cannot be maintained, because it is evident that the sole purpose for which this clause was inserted was to convey the soil of that part of what had formerly been the Bloomingdale road, and was still called such, abutting upon the lots which were conveyed, as the descriptive language in the deed of the lots conveyed might perhaps have been claimed to exclude the land in the road from the grant. The fact that it is described as subject to the use thereof by the public, until closed by public authority, rendered this part of the road conveyed subject to no servitude, and indicated nothing except a recognition of present conditions, namely, that the road was so used by the public, whether with or without right, and was apparently intended to prevent the operation of the warranty contained in the deed, if such use rested upon any right or authority. This clause in the conveyance, therefore, was no recognition of any supposed rights, but was a mere conveyance of a portion of the premises included in the deed. There was no intention upon the part of the parties to the deed to in any way restrict the operation of the grant, or to recognize a condition of affairs which in law did not actually exist. For the reasons, therefore, stated in the opinion of the learned justice who tried this case below, the judgment appealed from should be affirmed, with costs.

BARTLETT and DANIELS, JJ., concur.

---

### BACHRAN *v.* VON RADEN *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

Appeal from special term, New York county.
*J. A. Deering*, for appellants. *D. S. Riddle*, for respondent.

VAN BRUNT, P. J. The questions involved in this case do not differ from those which were disposed of in the case of *Peters* v. *Carleton, ante,* 531, (decided herewith,) except that the clause in the deed discussed in that case does not appear in the deed mentioned in the case at bar. The same judgment should therefore be pronounced, affirming the judgment of the court below, with costs.

BARTLETT and DANIELS, JJ., concur.

---

### SPENCER *v.* CLARKE *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

CORPORATIONS—ACTION BY STOCKHOLDERS TO CANCEL MORTGAGE BONDS—PLEADING.
  A complaint by a stockholder of a corporation seeking to enforce a right of the corporation to have certain bonds issued by it, and the mortgage given to secure the same, canceled, is defective on demurrer if it does not contain an offer to restore to the holders of the bonds what the corporation has received therefor.

Appeal from special term, New York county; MILES BEACH, Justice.
Argued before VAN BRUNT, P. J., and BARTLETT and LAWRENCE, JJ.
*Charles P. Crosby*, for appellant. *Edward D. Bettens*, for respondents.

PER CURIAM. The plaintiff in this action is a stockholder of a corporation, and seeks to enforce a right of that corporation to have certain bonds of the